IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DARREN L. MILLER, | ) |
| Plaintiff | ) 1:20-cv-00234-RAL |
| vs. | ) RICHARD A. LANZILLO<br>) UNITED STATES MAGISTRATE JUDGE |
| C.OI. KNIGHT, SZELEWSKI, PAUL ENNIS, BRIAN FLINCHBAUGH, C.OI. BYERLY, LT. BEDNARO, MICHAEL CLARK, JOHN WETZEL, | ) ECF NO. 32 |
| Defendants | ) |

MEMORANDUM OPINION

Plaintiff Darren Miller (Miller) has filed a motion for temporary restraining order and preliminary injunction. ECF No. 32. For the following reasons, the motion will be DENIED.[1]

I.   Background

Miller, an inmate in the custody of the Pennsylvania Department of Corrections (DOC), commenced this action against several individuals employed at the DOC's State Correctional Institution at Albion (SCI-Albion). His Complaint asserted claims pursuant to 42 U.S.C. § 1983 based on alleged violations of his rights under the First, Fifth, and Fourteenth Amendments. *See* ECF No. 8. The Court granted the Defendants' motion to dismiss Miller's Complaint but

---

[1] This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636. ECF Nos. 2, 13.

1

allowed him the opportunity to file an amended complaint to attempt to cure the deficiencies of two claims: a First Amendment retaliation claim, and a Fourteenth Amendment Due Process claim. *See* ECF No. 22. These claims relate to a misconduct charge Miller received while he was incarcerated at SCI-Albion. *Id.* In contrast to the allegations and claims of his Complaint, his pending motion seeks equitable relief relating to conduct that Miller alleges recently occurred at the State Correctional Institution at Fayette (SCI-Fayette), where he is currently incarcerated. *See* ECF No. 32. None of the individuals allegedly responsible for this recent conduct are Defendants in this action. As equitable relief, Miller requests the "return of his legal materials," an extension of time to review his legal materials and to draft and file his Amended Complaint, "Court monitoring in order to curtail continual retaliation," and "[a]ccess to legal researching." *Id.*, p. 3.

II.     Analysis

Injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). In deciding whether to grant injunctive relief, the Court considers four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Bimbo Bakeries USA, Inc. v.*

*Botticella*, 613 F.3d 102, 109 (3d Cir. 2010).  As the moving party, Miller bears the burden of producing evidence to support the first two factors.  *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994).  Absent support for either of the first two factors, a court must deny the request for a preliminary injunction.  *Id.*; *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000).

Here, the Court need not reach the four-factor analysis for injunctive relief because Miller's motion is procedurally defective and facially inadequate.  The motion is not based on the conduct alleged or claims asserted in his Complaint.  Indeed, none of the defendants in this action is alleged to have been involved in the conduct identified in Miller's motion.  Because preliminary injunctive relief is intended to prevent irreparable injury pending resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017).  In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction."  *Id.* (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). Miller's requests for access to his legal materials, additional law library time, and court monitoring of ongoing retaliation are unmoored from his original Complaint, *see* ECF No. 8, and beyond the scope of the claims that the Court granted him leave to amend.  *See* ECF Nos. 22, 23. As such, the injunctive relief he requests is not available in this action.  *See Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (rejecting injunctive relief where it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit") (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

If Miller wishes to pursue claims based on the conduct alleged in his motion, he may commence a separate lawsuit after he exhausts whatever administrative remedies may be available to him at SCI-Fayette. To the extent Miller's motion is complaining that individuals at SCI-Fayette have prevented him from filing an amended complaint in this action, his remedy is to seek a further extension of time to do so. The Court will conduct a telephone status conference in this action to address whether a further extension or other accommodation is appropriate. That conference will be scheduled by separate Order.

III.   Conclusion

For the foregoing reasons, Plaintiff's Motion for temporary restraining order and preliminary injunction at ECF No. 32 will be DENIED. A separate Order accompanies this Memorandum.

Dated: January 10, 2022

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE